UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| Starlight Distribution Inc., | : | CASE NO. 24-11774 (MAM) |
| | : | |
| | : | |
| DEBTOR. | : | |

**UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION TO EMPLOY JEFFREY M. SISKIND AS ATTORNEY FOR DEBTOR (ECF No. 16)**

COMES NOW, MARY IDA TOWNSON, the United States Trustee for Region 21, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), and files the following objections to the application ('Application") of Starlight Distribution Inc. (the "Debtor") to retain Jeffrey M. Siskind ("Siskind") as counsel for the Debtor ("Debtor").

1. The Debtor seeks approval to retain Siskind as its bankruptcy counsel.

2. The Debtor filed the Application to retain Siskind on March 12, 2024 (ECF No. 16).

3. The Application was signed by Siskind and purports to have been signed by Iram Hussain, as President of the Debtor ("Debtor's President").

4. Based upon testimony adduced by the Trial Attorney for the United States Trustee at the meeting of creditors conducted in this case on March 25, 2024 ("341 Meeting") it is unclear whether the Debtor's President signed the Application prior to its filing with the Court.

5. Additionally, based on the 341 Meeting testimony it is questionable whether the Debtor's President signed the bankruptcy petition and schedules prior to their filing with the Court.

6. Local Bankruptcy Rule 9011-1 governs the signing of electronically filed documents and provides:

**(A)** Petitions, lists, schedules and statements, amendments, pleadings, affidavits, and other documents which must contain original wet ink signatures or which require verification under Fed. R. Bankr. P. 1008, or an unsworn declaration as provided in 28 U.S.C. § 1746, must be filed electronically and may include, in lieu of the original wet ink signature, a signature in any of the signature types set forth in subparagraphs 1 and 2 of subparagraph B below.

**(B)** As used in these local rules and the Federal Rules of Bankruptcy Procedure, all of the following constitute a signature on an electronically filed document:

> **(1)** A copy or digitally scanned image of the entire originally signed document containing a wet ink signature; or

> **(2)** An original wet ink signature on an original document.

Subject to paragraph D below, a filing party may indicate a signature of any party to a document by showing "/s/" followed by the printed name of the signatory where the filing party has received the signature of the signatory.  If the filing party has relied upon (B)(1) above for the signatory's signature, the filing party must obtain the original document containing the wet ink signature from the signatory within 14 days from the date of the filing party's receipt of the copy or digitally scanned image of the document containing the wet ink signature.

**(C)** Prior to filing, the debtor's attorney/filer must:

> **(1)** Verify with the signer that the signer has received the entire document(s) to be signed;

> **(2)** Communicate with the signer regarding the substance and purpose of the signed document;

> **(3)** Receive back from the signer and be in possession of the entire document, including the signature page, that contains either a digital or scanned image of the signed document from the signer; and

> **(4)** Obtain express authorization from the signer to file the document.

**(D)** An attorney's use of the login and password issued for CM/ECF constitutes the signature of the attorney and client(s) for all purposes, including Fed. R. Bankr. P. 9011.

**(E)**   Any electronically filed document containing "/s/" for a debtor or non-filing party in lieu of one of the other signature types referenced in paragraph B above constitutes a representation under penalty of perjury by the registered CM/ECF filer that he or she has the document with the signature of such party or, if the signing party is also a registered CM/ECF filer, that the filing party has evidence of permission to indicate the party's signature by use of "/s/." The registered CM/ECF filer must retain the original signed document with the original wet ink signature and, if applicable, the digitally scanned image of the originally signed document containing a wet ink signature, for at least 5-years from the later of the date of entry of the order of discharge, the date on which the case is dismissed, or the date on which all appeals are finally resolved.  Upon request, the signed document, digitally scanned image, or evidence of permission must be provided to other parties or the Court for review.

**(F)**   Notwithstanding any other provision to the contrary, there is no record retention requirement for electronically filed proofs of claim.

7.      The United States Trustee submits that, based on the testimony and colloquy at the 341 Meeting, Siskind has failed to properly fulfill his duties and obligations under Local Bankruptcy Rule 9011-1 and for that reason he should be disqualified from representing the Debtor in this case.

8.      The Application did not include a copy of any retainer letter between the Debtor and Siskind. As a result, the United States Trustee, creditors, and other parties in interest are denied an opportunity to become familiar with the terms and provisions Siskind's representation of the Debtor.

9.      The Application did include Siskind's Affidavit (the "Siskind Affidavit") in support of his retention, however, that affidavit is inadequate and fails to properly disclose conflicts arising because of Siskind's representation of the Debtor, the Detor's President, and the husband of the Debtor's President.

10.     The Siskind Affidavit contains the knowingly false declaration that: "Neither my [Siskind's] firm represents or represented any interest adverse to the debtor or the estate and that I [sic] am disinterested persons as required by 11 U.S.C. §327(a)."

11. This representation is troubling because the Debtor President's testimony was clear at the 341 Meeting that Siskind also represents the Debtor's President and her husband individually.

12. Bankruptcy Code Section 327 governs the employment of professionals by a debtor in possession. Section 327 states as follows:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraiser, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
> ...
> (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

13. Pursuant to 11 U.S.C. §101(14), a disinterested person is defined to be "a person that:

> (A) is not a creditor, an equity security holder, or insider;
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

14. Given the status of the Debtor's President and her husband as insiders, Siskind is clearly not a disinterested person.

15. The Court has an independent duty to ensure that counsel employed pursuant to §327(a) is disinterested and does not represent an interest adverse to the estate. In re Git-n-Go, Inc., 321 B.R. 54 (Bankr. N.D.Ok. 2004). "Conflicts of interest are prohibited by Sections 327(a) and 328(c) of the Bankruptcy Code...These provisions create an ongoing duty on the part of all

professionals hired by the estate to avoid conflicts of interest." In re Creative Desperation, Inc., 415 B.R. 882, 896 (Bankr. S.D.Fla. 2009).

16. While the Bankruptcy Code does not define "adverse interest" courts have held that a representation by counsel between parties that have competing interests results in a conflict of interest and an adverse interest to the estate. An adverse interest would include "an economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant...or...a predisposition under the circumstances that render such a bias against the estate." *In re Prince*, 40 F.3d 356, 361 (11th Cir. 1994) quoting, In re Roberts, 46 B.R. 815, 822-823 (Bankr. D.Utah 1985). *See also*, *In re Rusty Jones, Inc.*, 134 B.R. 321 (Bankr. N.D.Ill. 1991); *In re Rivers*, 167 B.R. 288 (Bankr. N.D.Ga. 1994). "An actual conflict exists if there is 'an active competition between two interests, in which one interest can only be served at the expense of the other.'" Id at 58., citing *In re BH & P, Inc.*,103 B.R. 556, 563 (Bankr. D.N.J. 1989), *aff'd in pertinent part*, 119 B.R. 35 (D.N.J. 1990).

17. The United States Trustee submits that the facts clearly demonstrate that the representation by Applicant of both the Debtors and the Debtor's President and her husband individually result in an actual conflict of interest.

18. Equally troubling is that it appeared to the United States Trustee that Siskind assisted the Debtor, the Debtor's President, and her husband with the transfer of title to the Debtor's most significant asset to the Debtor's President and her husband in their individual capacities.

19. These shocking facts were not disclosed in the Siskind Affidavit and Siskind is not disinterested.

20. Siskind has undeniably failed to meet his statutory duties under 11 U.S.C. §327(a), which provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested[.]

21. The United States Trustee also reminds the Court that the Court previously issued a Show Cause Order in this case on March 11, 2024, based upon Siskind's failure to timely file a Local Form Case "Chapter 11 Case Management Summary" and the case Status Conference Order in accordance with the Local Rules of this Court. (ECF No. 13).

WHEREFORE, the United States Trustee requests the Court deny the Debtor's retention of Siskind, compel Siskind to account for and disgorge all fees paid to him in connection with the preparation and filing of this bankruptcy case, and grant for such other and further relief as may seem just and proper.

MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21

By: _____/s/_____
Martin P. Ochs*
Georgia Bar No. 091608
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303
(404) 331-4509

* I hereby certify that I am admitted to the Bars of the States of Georgia and New York and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 pertaining to attorneys representing the United States government.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION TO EMPLOY JEFFREY M. SISKIND AS ATTORNEY FOR DEBTOR (ECF No. 16) was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

DONE this the 26th day of March, 2024.

                By:      /s/
                      Martin P. Ochs*
                      Georgia Bar No. 091608
                      United States Department of Justice
                      Office of the United States Trustee
                      362 Richard Russell Building
                      75 Ted Turner Drive SW
                      Atlanta, Georgia 30303
                      (404) 331-4509
                      martin.p.ochs@usdoj.gov

*I hereby certify that I am admitted to the Bars of the States of Georgia and New York and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 pertaining to attorneys representing the United States government.