

**ORDERED in the Southern District of Florida on April 11, 2024.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 24-11774-MAM |
| Starlight Distribution Inc., | Chapter 11 |
| Debtor. _____/ | |

## ORDER DENYING APPLICATION TO EMPLOY

Starlight Distribution Inc. ("Debtor") filed this chapter 11 bankruptcy case on February 26, 2024 with a bare bones petition.[1] The Court immediately entered an order authorizing Debtor to continue operation of its financial affairs (ECF No. 4), as well as a notice of deficiency (ECF No. 5) describing documents that had to be filed

---

[1] This case marks Debtor's second attempt at bankruptcy relief within a span of six months. *See* Case No. 23-18003 (filed September 29, 2023, dismissed October 24, 2023 for failure to file schedules and statement of financial affairs).

for the case to remain viable (the "Missing Documents").

On March 11, 2024, the day when the Missing Documents were due, the Court entered an order to show cause (ECF No. 13) (the "Show Cause Order") requiring proposed bankruptcy counsel, Mr. Jeffrey Siskind, to appear in person at a hearing on March 12, 2024 (the "Show Cause Hearing") to explain why the case should not be dismissed. At 10:16 p.m. that evening, Mr. Siskind filed an *ex parte* motion (ECF No. 15) to extend time to file the Missing Documents.

The following day was the day of the Show Cause Hearing. Mr. Siskind filed an application seeking approval of his retention as Debtor's bankruptcy counsel (ECF No. 16) (the "Application") about an hour before his required court appearance.

At the Show Cause Hearing, Mr. Siskind represented to the Court that the delay in submission of the Missing Documents arose not from Debtor's inaction, but from his own personal health concerns. The Court accepted Mr. Siskind's representations regarding Debtor's inability to timely file the Missing Documents and directed submission of them on or before March 18, 2024 (the "Deadline"). Mr. Siskind filed the Missing Documents on behalf of Debtor by the Deadline, but with errors.[2]

A couple of weeks later, on March 26, 2024, the United States Trustee filed an objection (ECF No. 25) (the "Objection") to Debtor's retention of Mr. Siskind as Debtor's counsel. That submission seemingly prompted a flurry of other filings by Mr. Siskind on Debtor's behalf, including numerous (previously unfiled) certificates of

---

[2] *See* ECF No. 23.

service, a supplement to the Application, and a periodic report. Several of these filings arrived throughout the day on March 27, 2024, within hours of the hearing on the Application (the "March 27 Hearing").

While preparing for the March 27 Hearing, the Court observed the following:

- The Application lacked proof of proper and timely service.
- The Application lacked proof (i.e., a signed engagement letter) of Mr. Siskind's retention as proposed bankruptcy counsel.[3]
- The Application failed to disclose potential conflict(s) of interest involving Mr. Siskind, which the U.S. Trustee brought to the Court's attention via the Objection.

At the March 27 Hearing, Mr. Siskind and counsel to the United States Trustee, Mr. Martin Ochs, presented arguments in favor of and opposing Mr. Siskind's potential conflict of interest. The Court directed further discussions between the parties and continued the matter until April 2, 2024 (the "April 2 Hearing").

During the April 2 Hearing, the parties advised the Court they were unable to resolve the United States Trustee's Objection. Mr. Siskind acknowledged in open court that he previously represented the Debtor, the principal of the Debtor, Iram Hussain, and her husband, Mr. Raza, in a transaction that resulted in a transfer (the

---

[3] A Supplement filed less than two hours before the March 27 Hearing (while the Court was in session with other matters) attached an undated two-sentence engagement letter. ECF No. 31, p. 3.

"Transfer") of Debtor's primary asset (a residence) from Debtor's estate to Hussain and Raza, individually. Despite having represented all parties to the Transfer (which may have been a fraudulent transfer), Mr. Siskind doggedly contended that he could not understand how this situation would result in a present conflict of interest.

Mr. Siskind's Affidavit of Disinterestedness (the "Affidavit"), signed and submitted by Mr. Siskind in his capacity as an officer of the court, contains only the following disclosures:

1) I am an attorney admitted to practice in the State of Florida and the United States District Court for the Southern District of Florida and the U.S. Bankruptcy Court for the Southern District of Florida.
2) My firm's office is located at 3465 Santa Barbara Drive, Wellington, FL 33414.[4]
3) Neither I nor my firm represents or represented any interest adverse to the debtor or the estate, and I am disinterested persons [*sic*] as required by 11 U.S.C. § 327(a).

ECF No. 16, p. 5.

Mr. Siskind argued that any potential conflict of interest is, in essence, immaterial, as all parties' interests are presently aligned. Mr. Siskind failed to offer a satisfactory explanation as to why the Affidavit failed to (i) disclose his prior (and potentially ongoing) representation of Debtor and its principal(s) in other pending litigation,[5] (ii) describe the Transfer, or (iii) clarify to what extent or in what manner

---

[4] This property (the "Wellington Property") is a residence from which Mr. Siskind has consistently made videoconference (Zoom) appearances in this Court for the past several years.

[5] It is unclear from the record whether Mr. Raza holds an equity interest in Debtor.

4

Mr. Siskind counseled or otherwise represented Debtor and its principal(s) with respect to the Transfer.

## LEGAL STANDARD

Section § 327(a)[6] exists to ensure impartiality in court-ordered bankruptcy representation. *Electro-Wire Prods., Inc. v. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 360 (11th Cir. 1994). Impartiality, or "disinterestedness", as it is expressed in the bankruptcy vernacular, is not a trivial matter. To function effectively and zealously, an attorney cannot have multiple masters with competing interests. *Id.* (citing *Woods v. City Nat'l Bank & Trust Co. of Chicago*, 312 U.S. 262, 268 (1941)). In the bankruptcy context, this means that a corporate entity must have independent counsel who does not also possess a rich and active history of representing persons or entities that (i) might hold or assert claims against the debtor, or (ii) against whom the Debtor has claims. *Prince*, 40 F.3d at 360; *c.f. Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("[A] corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel"); L.R. 9010-1(B)(1).

The requirement of an affidavit attesting to disinterestedness allows some leeway in unusual situations. When counsel openly and transparently discloses all potential conflicts at the outset, providing all parties in interest ample time to object, the Court may take the lack of objection into consideration when determining

---

[6] References to section numbers are to the United States Bankruptcy Code.

whether the representation may proceed. Even so, many situations fall outside the bounds of what may be permitted. *In re Keller Fin. Servs. of Fla., Inc.*, 248 B.R. 859, 892 (Bankr. M.D. Fla. 2000) ("The purpose of § 327 is to prevent even the appearance of a conflict of interest, irrespective of the integrity of the person or firm under consideration.") (internal citation and quotation marks omitted).

## ANALYSIS

In this instance, the Court is spared the necessity of having to determine the existence of a conflict because Mr. Siskind has acknowledged his prior (and potentially ongoing) simultaneous representation of Debtor and its principals. He has also confirmed in open court his failure to timely and completely disclose this conflict in the Application.[7] The facts are what they are. The Court declines to approve the Application under these circumstances.[8]

The Affidavit and Application also contain statements that are inconsistent with statements made by Mr. Siskind at Debtor's § 341 meeting of creditors (which

---

[7] While preparing this Order, the Court also became aware that personal information Mr. Siskind provided under oath in a prior case before this Court appears to conflict with information provided under oath in his current chapter 13 bankruptcy case in another district. *Compare* ECF No. 467 [SEALED], p. 3 in *Furr v. Siskind et al.,* Adv. Proc. No. 19-01298 (Bankr. S.D. Fla. Oct. 7, 2020), with ECF No. 27, p. 1 in *In re Siskind*, Case No. 23-11720 (Bankr. C.D. Cal. May 31, 2023).

*See also* Exhibit A to this Order.

[8] In arriving at this conclusion, the Court is aware that Mr. Siskind belatedly amended his Affidavit. *See* ECF No. 38. The Court views this amendment as the prototypical example of too little (disclosure), too late. Mr. Siskind did not provide full and complete disclosure of the conflict prior to the filing of Objection, the March 27 Hearing, or the April 2 Hearing. The Court concludes that the taint of apparent conflict of interest cannot be so easily (or tardily) washed away. *Keller Fin. Servs.* 248 B.R. at 892.

was conducted under oath) and the March 27 Hearing. Although not directly relevant to this Court's present determination regarding retention, the Court is aware that Mr. Siskind has a history of making inconsistent statements in various other proceedings before this Court and other courts. *See* Exhibit A to this Order. The Court has taken judicial notice of the existence of those inconsistencies, but the decision to deny the Application is based solely upon representations made and documents filed in this bankruptcy case. *Ohai v. Delta Cmty. Credit Union (In re Ohai)*, Adv. Proc. No. 23-5041-WLH, 2024 WL 1457819, at *3 (Bankr. N.D. Ga. Apr. 3, 2024) (describing the parameters of judicial notice).

Accordingly, having considered the Application, the Objection, and the Affidavit, having reviewed the full record, and being fully informed in the premises, the Court hereby **ORDERS** that:

1. The Application (ECF No. 16) is **DENIED**.
2. Debtor is **DIRECTED** to retain other counsel and such counsel is **DIRECTED** to file an application for retention within fourteen days from the date of entry of this order.
3. All existing motions filed by Mr. Siskind will be **DENIED** without prejudice against refiling by court-approved counsel.

###

Copy furnished to all parties of record by the Clerk and the following persons or entities.

<u>Case No. 23-bk-11720 (Bankr. C.D. Cal.)</u>

Nancy K Curry (TR)
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017

U.S. Trustee
United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

<u>Case No. 2023-0566 (Florida Supreme Court)</u>
Attn: Attorney/Consumer Assistance Program
The Florida Bar
651 East Jefferson Street
Tallahassee, FL 32399

**Exhibit A**

| Case Number | Name | Role | Location |
|---|---|---|---|
| 13-13096 | In re Jeffrey Marc Siskind | Debtor/Attorney | Bankr. S.D. Fla. |
| 18-11168 | Chance & Anthem, LLC | Attorney | Bankr. Md. |
| 18-16248 | Chance & Anthem, LLC | Attorney | Bankr. S.D. Fla. |
| 18-01298 | Furr v. Siskind | Defendant | Bankr. S.D. Fla. |
| 18-01090 | Siskind v. Gibson, et al. | Plaintiff | Bankr. S.D. Fla. |
| 22-10871 | Brett Alan Elam | Attorney | Bankr. S.D. Fla. |
| 23-13243 | Lauren Bass Elam | Attorney | Bankr. S.D. Fla. |
| 22-17022 | Hazelton Trust | Attorney | Bankr. S.D. Fla. |
| 23-16430 | Robert Allen Gibson | Attorney | Bankr. S.D. Fla. |
| 23-18003 | Starlight Distribution Inc. | Attorney | Bankr. S.D. Fla. |
| 23-18102 | Brett Alan Elam | Attorney | Bankr. S.D. Fla. |

The above list includes selected cases in which Mr. Siskind has filed documents as counsel, including representation of himself in a prior chapter 11 bankruptcy case.

The Court does not opine as to whether the Wellington Property remains Mr. Siskind's place of permanent residence, but official campaign records maintained by the state of Florida would support that conclusion. *See* Financial Disclosure dated June 22, 2018, available at https://dos.elections.myflorida.com/campaign-docs/?account=72505 (listing Wellington Property as street address and disclosing personal net worth of $2,120,035.77); *see also* campaign video at https://www.youtube.com/watch?v=qz-BK483p9A (describing qualifications for candidacy).

Mr. Siskind has consistently represented to this Court during court appearances and in various related filings that the Wellington Property is the location of his personal residence and work address. *See, e.g.*, ECF No. 1 in Case No. 13-13096 (listing Wellington Property as residence over 11 years ago); *see also* ECF No. 16 in Case No. 24-11774 (defined as the Application in this Order), p. 3 (listing Wellington Property as current office address).

Both The Florida Bar and Mr. Siskind's attorney e-filing account on CM/ECF (NextGen) list the Wellington Property as his office address. *See* Case No. 24-11774 (docket) and https://www.floridabar.org/directories/find-mbr/profile/?num=138746. Mr. Siskind appears to have begun using the Wellington Property as his (home) office location on or about February 19, 2018. *Compare* ECF No. 658 *with* ECF No. 673 (both in Case No. 13-13096 in this Court).

9

It is unclear to this Court why Mr. Siskind represented that he lives at 3183 Wilshire Boulevard, Los Angeles, CA 90010 on a chapter 13 petition filed last year in the Central District of California. *See In re Siskind*, Case No. 23-11720 (Bankr. C.D. Cal. May 31, 2023), ECF No. 1, p. 2 (Question 5 "Where you live").

In his California bankruptcy case, Mr. Siskind also lists "location of assets" under 28 U.S.C. § 1408 as a basis for filing a personal bankruptcy petition over 2500 miles away, but prior and current representations to this Court do not support that statement. *Compare* ECF No. 1 (Question 6) in Case No. 23-11720 (Bankr. C.D. Cal.) *with* ECF No. 467 [SEALED], p. 3 in *Furr v. Siskind et al.,* Adv. Proc. No. 19-01298 (Bankr. S.D. Fla. Oct. 7, 2020). *C.f. In re Jeffrey Siskind*, Case No. 13-13096 (Bankr. S.D. Fla.) (full docket of prior personal chapter 11 case in this Court); ECF No. 16 in Case No. 24-11774 (identifying Wellington Property). Filings in Mr. Siskind's California bankruptcy case do not specify which of his assets are located in that state. As an officer of the Court, Mr. Siskind is aware that bankruptcy petitions require the most detailed and accurate disclosure possible because they are filed under penalty of perjury.

This Court became aware of Mr. Siskind's current chapter 13 case in the Central District of California through a motion Mr. Siskind submitted in another bankruptcy case before this Court involving Mr. Siskind's former paralegal, Robert Gibson. *See In re Gibson*, Case No. 23-16430, ECF No. 113 at ¶ 1; *c.f.* ECF No. 25 at p. 1, n.1.

Another (older, now closed) bankruptcy case in Maryland, Case No. 18-11168 (Bankr. Md.) (the "Maryland Case"), included the Wellington Property as the address of the debtor in that case, Chance & Anthem LLC. (Chance & Anthem LLC later became a debtor before this Court with several related adversary proceedings, including *Furr v. Siskind*, Adv. Proc. No. 18-1298).

A Memorandum Opinion in the Maryland Case plainly states that Florida is Mr. Siskind's residence based upon representations Mr. Siskind made to that bankruptcy court. *Memorandum Opinion Transferring Venue to the Bankruptcy Court for the Southern District of Florida*, ECF No. 73, p. 2 ("Mr. Siskind is a resident of Florida."); *Id.* at pp. 5-6. ("Mr. Siskind stated that [he] is unable to appear due to a recent knee and leg injury which prevents counsel from travelling from his home in Florida to attend the Meeting on behalf of Debtor.") (internal quotation marks omitted).

Mr. Siskind's representations in the Maryland Case came to the Court's attention through filings and statements made during court appearances in his prior personal chapter 13 case, Case No. 13-13096. At that time, the Court (Hon. Judge Hyman) noted that Mr. Siskind's representations in the two bankruptcy courts conflicted. *See* ECF No. 801 at n. 3 (noting lack of apparent injury during in person court appearance

10

that occurred one day after hearing in Maryland Case for which Mr. Siskind represented that he was incapacitated and unable to travel).

Public records indicate Mr. Siskind transferred the Wellington Property to the Second Siskind Family Trust on April 12, 2012 (less than one year before the filing of his prior personal bankruptcy case, Case No. 13-13096). *See* Warranty Deed in Palm Beach County Official Records, OR BK 25138 PG 1202. The Court has not located disclosure of that transfer in Case No. 13-13096. Mr. Siskind represented himself in that matter. *See* Case No. 13-13096 (full docket).